IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS JOSE VILLANUEVA,

    Plaintiff,

v.                                                                            No. 16-cv-999 SCY

NANCY A. BERRYHILL,[1]
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Carlos Jose Villanueva's Motion to Reverse and Remand the Social Security Commissioner's final decision denying Plaintiff period of disability and disability insurance benefits. Doc. 19. The Court concludes that the ALJ failed to consider all moderate limitations a state medical consultant found Plaintiff to have and, as a result, this case must be remanded for further consideration. Accordingly, the Court will **grant** Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

**I.    BACKGROUND**

Plaintiff applied for period of disability and disability insurance benefits on January 20, 2015. Administrative Record ("AR") 10. He alleged a disability onset date of May 9, 2014. *Id*. After his claim was denied on initial review and upon reconsideration, an ALJ held a hearing on February 19, 2016. *Id.*

On March 15, 2016, the ALJ issued a written decision finding that Plaintiff was not

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of the Social Security Administration, is substituted for Acting Commissioner Carolyn W. Colvin under Rule 25(d) of the Federal Rules of Civil Procedure.

1

disabled within the meaning of the Social Security Act. AR 10-20. In arriving at his decision, the ALJ found that Plaintiff suffered from the following severe impairments: (1) kidney/renal stones with renal colic and pain; (2) anxiety/acute stress disorder; (3) panic disorder without agoraphobia; (4) depression; (5) posttraumatic stress disorder; and (6) adjustment disorder with anxiety/depression. AR 13. The ALJ, however, found that these impairments, individually or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 13-14.

Because he found that Plaintiff's impairments did not meet a Listing, the ALJ then went on to assess Plaintiff's residual functional capacity ("RFC"). AR 15. The ALJ stated that

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work (lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently, stand/walk for six hours each out of an eight-hour workday, and sit for six hours out of an eight-hour workday) as defined in 20 CFR 404.1567(c) except he may never climb ladders, ropes or scaffolds. The claimant must avoid all exposure to hazards such as dangerous machinery and unsecured heights. He is fully capable of learning, remembering and performing simple and detailed work tasks which are performed in a routine, low-stress work environment, defined as one in which there is a regular pace, few workplace changes, and no "over-the-shoulder" supervision. He can attend and concentrate for two hours at a time with regular breaks. He can interact appropriately with supervisors, co-workers and the public.

AR 15. The ALJ concluded that Plaintiff was unable to perform any past relevant work. AR 19. Nonetheless, based in part on the testimony of a vocational expert, the ALJ then determined at step five that there were jobs that existed in significant numbers in the national economy that he could perform. AR 20.

Plaintiff appealed the ALJ's decision to the Social Security Appeals Council and the Appeals Council denied the request for review. AR 1. This appeal followed. Doc. 19.

## II. APPLICABLE LAW

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If Claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If Claimant is not so impaired, she is not disabled and the analysis stops.

(3) If Claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, Claimant is presumed disabled and the analysis stops.

(4) If, however, Claimant's impairment(s) are not equivalent to a listed impairment, Claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [Claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of Claimant's past work. Third, the ALJ determines whether, given Claimant's RFC, Claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that Claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, Claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

## III. ANALYSIS

Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ improperly rejected findings from State Agency Consultative Evaluating Psychologist John Owen, Ph.D. and State Agency Psychiatric Consultants Scott Walker, M.D.; (2) the ALJ failed to develop the administrative record, in contravention of his duty; and (3) the ALJ impermissibly evaluated Plaintiff's character instead of the description of his symptoms. Doc. 19 at 1. The Court focuses its attention on Plaintiff's argument that the ALJ improperly rejected findings from Dr. Walker. Because the ALJ did not include all limitations Dr. Walker articulated in the ALJ's RFC or otherwise explain why he did not include these limitations in his RFC, the Court agrees with Plaintiff that the ALJ committed reversible error.

An ALJ must evaluate and weigh every medical opinion in the record, regardless of its source. *See* 20 C.F.R. § 404.1527(c). Medical opinions are:

> statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.

*Id.* at § 404.1527(a)(1). The regulations require an ALJ to consider several specific factors in weighing a medical opinion. *Id.* at § 404.1527(c). These factors include the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion. *Id.* "The record must demonstrate that the ALJ considered all of the evidence," but there is no requirement that the ALJ "discuss every piece of evidence." *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Although the ALJ is not required to discuss every piece of evidence, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as

significantly probative evidence he rejects." *See Wall v. Astrue*, 561 F.3d 1048, 1074-75 (10th Cir. 2009) (quoting *Clifton*, 79 F.3d at 1009-10). The ALJ is required "to provide specific, legitimate reasons if he decide[s] to discount or dismiss an opinion from an acceptable medical source, and to explain the weight given to opinions from [other medical] sources, or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See Harrold v. Berryhill*, 2017 WL 4924662, at *2 (10th Cir. Oct. 31, 2017) (internal citations and quotation marks omitted).

In his report, Dr. Walker determined that Plaintiff has a number of moderate mental limitations. The ALJ did not address each of these moderate limitations. Defendant argues, however, that this does not matter because these moderate limitations are simply preliminary assessments that must give way to the more thorough ultimate assessment contained in Dr. Walker's narrative.[2] Doc. 21 at 12-13. Specifically, in his narrative, Dr. Walker stated:

> The [claimant] can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors, and respond appropriately to changes in a work setting.

AR 65. Thus, while Dr. Walker found Plaintiff to have moderate limitations, for instance, "in the ability to accept instructions and respond appropriately to criticism from supervisors" (AR 68), Defendant argues that Dr. Walker's statement in his narrative that Plaintiff can "interact adequately with co-workers and supervisors" constitutes Dr. Walker's "ultimate" conclusion. Doc. 21 at 13. This clarification in Dr. Walker's narrative, Defendant's argument continues, absolves the ALJ of the need to address the moderate limitation which was contained in a section

---

[2] Defendant asserts that the preliminary moderate limitations were contained in Section 1 of an agency issued form and that the narrative containing his ultimate conclusions was contained in Section III of the form. While such forms are commonly used to assess claimants' mental limitations in social security cases, Dr. Walker did not use such a form in this case.

6

of his report that was "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and *does not constitute the [residual functional capacity] assessment*." Doc. 21 at 12 (quoting POMS § DI 24510.060B2).

For purposes of the present motion the Court will set aside the fact that Dr. Walker did not actually use the form to which Defendant refers and assume, without deciding, the validity of Defendant's argument that the moderate limitations Dr. Walker assessed were merely preliminary findings that must give way to the ultimate conclusion contained in Dr. Walker's narrative. Defendant's argument that the narrative portion of a doctor's report can neutralize moderate limitations found in other portions of the report, however, does not apply to the situation where the narrative portion of the report fails to address a moderate limitation contained elsewhere in the report. That is the situation here. Although clarification in the narrative portion of Dr. Walker's report might have occurred with regard to some of the moderate limitations Dr. Walker assessed, Dr. Walker did not address all of the moderate limitations he found Plaintiff to have in the narrative portion of his report. *See Sandoval v. Berryhill*, CIV 15-0294 JHR, 2017 WL 4772412 at *5-8 (analyzing cases and finding that while a doctor can account for moderate limitations in the narrative portion of his report, the Court must consider whether the doctor actually did so).

Specifically, nowhere does the above narrative address Dr. Walker's finding that Plaintiff has "moderate limitations in the ability to interact appropriately with the general public." AR 68. This is a problem. Because Dr. Walker does not elsewhere in his report limit or clarify the import of this moderate limitation, Dr. Walker's above assessment that Plaintiff is limited in his ability to interact appropriately with the general public is his first and last word on the subject. Under binding Tenth Circuit precedent an ALJ must either account for a medical source's

moderate limitation in the RFC or explain why the ALJ rejected that moderate limitation. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Frantz v. Astrue* , 509 F.3d 1299, 1302-03 (10th Cir. 2007). The ALJ's failure to address all of the moderate limitations Dr. Walker found Plaintiff to have, either by accounting for those limitations in the RFC or otherwise explaining why he did not include them in the RFC, constitutes error.

## IV. CONCLUSION

Because the Court finds that the ALJ erred in his consideration of the opinion evidence regarding Plaintiff's mental impairments, the Court will grant Plaintiff's Motion (Doc. 19), reverse the Commissioner's decision denying Plaintiff benefits, and remand for further proceedings consistent with this Opinion. The Court will not address Plaintiff's remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

_____
UNITED STATES MAGISTRATE JUDGE
**Sitting by Consent**